Pomerene, J.,
(dissenting.)
I am compelled to dissent from the opinion of the majority of the'court in the conclusion arrived at.-
I will briefly state my views of the case. I do not think that the authorities cited and referred to have much bearing *176 upon the question before us. All those authorities are based upon the peculiar statutes of the states. Now, we have a statute (and which, it is conceded, governs):
Fulton & Fulton, for Plaintiffs in Error
J. V. Hilliard, for Defendant in Error.
“ Within six years. An action upon a contract notin writing, either express or implied.”
We all agree that this section of the limitation act governs and controls this case. The language is ‘‘within six years.” We further agree that an action could have been commenced on this accountjOn the 16th day of March, 1887. This action was commenced on the 16th day of March, 1893. Hence, allowing this to be within time, this party is allowed seven 16th days of March in which to commence this action, and I think the party would only be entitled to six 16th days of March. Allowing this suit to be commenced within this time, it seems to me that they have six years and one day within which to commence this action, and not six years, as prescribed by the statute.
Another reason why I am forced to dissent from the conclusion of the majority of the court. This same question was before this court, differently constituted from what it now is, two years ago, at Canton. Exhaustive briefs had been prepared, and a large amount of money depended upon the question. It was the unanimous opinion of the court, as then constituted, that it would be one day too late. I would dissent for that reason.
This exact question has never been before the Supreme Court of Ohio, so far as I know.'